# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 24, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MINNIE BENNETT, WIDOW OF
BILLY BENNETT, DECEASED**
**Claimant Below, Petitioner**

**vs.)    No. 15-0072** (BOR Appeal No. 2049581)
                    (Claim No. 2011042012)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**


**CORNING, INC.,**
**Employer Below, Respondent**

**and**

**SAINT GOBAIN CERAMICS & PLASTICS,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Minnie Bennett, widow of Billy Bennett, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Dawn E. George, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2014, in which the Board affirmed a May 20, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 21, 2012, decision to grant dependent's benefits with a date of last exposure of August 16, 1983.[1] The

---

[1] Mrs. Bennett has protested this decision only with respect to the date of last exposure.

Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bennett, an employee who held various positions for Corning, Inc., was diagnosed with malignant mesothelioma on January 15, 1999. Mr. Bennett passed away on November 1, 2010, and his wife filed for dependent's benefits. On March 21, 2012, the claims administrator granted the dependent's benefits based upon the January 17, 2012, findings of the Occupational Pneumoconiosis Board. The Occupational Pneumoconiosis Board determined that asbestosis materially contributed to his death.

Corning Inc., protested the Order. Ms. Bennett also contested the Order as to the date of last exposure and argues that there is no valid basis for modifying Mr. Bennett's date of last exposure as asserted on the application for benefits dated December 31, 1991. Thereafter on April 17, 2013, the Office of Judges found that the sole chargeable employer for dependent's benefits was Corning, Inc., and the date of last exposure was August 16, 1983. The Office of Judges found the date of last exposure based upon an air study and the testimony of Jerald Casto. Mr. Casto was a supervisor and project engineer that kept dust samplings at the plant. He stated that between 1979 and the early 1980's, that all asbestos was removed from the plant. He further testified that dust sampling was regularly collected and sent to independent laboratories for analysis.

The Office of Judges determined that asbestos exposure materially contributed to Mr. Bennett's death. The Office of Judges also noted that it considered its previous April 17, 2013, decision which found the chargeable employer as Corning, Inc., and the date of last exposure as August 16, 1983. Further, the Office of Judges advised that no other evidence had been submitted to refute the Occupational Pneumoconiosis Board's determination that asbestosis materially contributed to Mr. Bennett's death. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and Board of Review. The Office of Judges and Board of Review made three relevant decisions in this claim. They determined the date of last exposure, the chargeable employer, and whether exposure to asbestos materially contributed to Mr. Bennett's death. Pursuant to *Bradford v. Workers' Compensation Commissioner*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991), the correct standard to determine dependent's benefits is "whether the injury or disease contributed in any material degree to the death." Because the Occupational Pneumoconiosis Board determined that asbestosis materially contributed to Mr. Bennett's death and no other evidence was submitted to refute that assertion, it was proper for the Office of Judges and Board of Review to find that it materially contributed to his death. Next,

the Office of Judges and Board of Review relied on air sampling reports and testimony from the person responsible for conducting the air sampling to conclude that no asbestos exposure occurred after August 16, 1983, despite Mr. Bennett working in the same factory until he retired on December 31, 1991. Because this contention was not challenged with persuasive evidence, the Office of Judges and Board of Review was not in error for finding the date of last exposure to be August 16, 1983. Finally, because Corning, Inc. owned the factory until 1985 and the date of last exposure was in 1983, it was proper to find that Corning, Inc., bore all responsibility for the exposure.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II